IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| The R.C.A. Rubber Company | ) | |
| | ) | Case No. 16-52757 |
| | ) | |
| Debtor. | ) | Judge Alan Koschik |
| | ) | |

**EXPEDITED MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO PAY: (A) PREPETITION EMPLOYEE WAGES, SALARIES AND RELATED ITEMS, (B) PREPETITION EMPLOYEE BUSINESS EXPENSES, (C) PREPETITION EMPLOYEE PAYROLL DEDUCTIONS AND WITHHOLDINGS, (D) PREPETITION EMPLOYEE BENEFITS; AND (E) ALL COSTS CONTRIBUTIONS; AND (II) GRANTING CERTAIN RELATED RELIEF**

The R.C.A. Rubber Company, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), in the above-captioned chapter 11 case hereby submits this expedited motion (the "**Motion**"), pursuant to Sections 105(a), 363, 541 and 507(a)(4) of Title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order (i) authorizing the Debtor to pay: (a) prepetition employee wages, salaries and related items, (b) prepetition employee business expenses, (c) prepetition employee payroll deductions and withholdings, (d) prepetition contributions to, and benefits under, the Employees' benefit plans; and (e) all costs and expenses incident to the foregoing payments and contributions; and (ii) granting certain related relief.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 11409.

3. On November 18, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy**

**Code**").

4. The Debtor is operating its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

**A. Summary of Capital Structure and Current Business Operations**

5. The Debtor is a corporation formed under the laws of the State of Ohio. The Debtor is engaged in the manufacturing of rubber products including skids and treads. The business is located in Akron, Ohio.

6. The company was founded in 1931 and is a family owned business.

7. The Debtor's headquarters and sole operating facility is located at 1833 East Market Street, Akron, Ohio (the "**Facility**"). The Debtor rents the Facility.

8. The Debtor currently employs approximately 80 employees.

9. The Debtor's average annual sales per year are approximately $12,500,000.00.

**B. Pre-petition Debt Structure**

10. As of the Petition Date, the Debtor did not have a secured lender claiming a consensual lien granted upon the general assets of the Debtor.

11. The total unsecured debt is approximately $1,107,736.00.

**C. Pre-petition Assets of the Debtor**

12. The Debtor's primary assets consist of equipment, machinery, tools, and raw materials used in the manufacturing of rubber products. The total value of assets is $2,000,000.00 or less.

**D. Events Leading to the Filing of the Chapter 11 Case**

14. In 2005, The R.C.A. Rubber Company closed a wholly-owned subsidiary Pulaski

Rubber Company located in Pulaski, Tennessee.

15. As part of the closure of the subsidiary, the unionized labor employees voted to merge the existing Pulaski pension plan into the separate R.C.A. Rubber pension plan.

16. The merger of the two pension plans brought significant liability to The R.C.A. Rubber Company pension plan without any corresponding increase in revenue or employee productivity as no workforce transferred to the Akron, Ohio parent company.

17. The Debtor's pension plan later became underfunded and its future ability to fund became unsustainable.

18. More recently, the Pension Benefit Guaranty Corp. (PBGC) asserted a lien as underfunding liability exceeded $1,000,000.00.

19. Pension plan funding by the Debtor was frozen as of March 8, 2014, by agreement under a collective bargaining agreement with the United Steelworkers.

## RELIEF REQUESTED

20. By this Motion, the Debtor seeks the entry of an order, pursuant to Sections 105(a), 363(c), 507(a)(4) and 541(d) of the Bankruptcy Code, (a) authorizing the Debtor, in accordance with its stated policies (as such policies may be modified from time to time) and in the Debtor's sole discretion, to pay: (i) certain prepetition wages, salaries, overtime pay, incentive pay, commissions, contractual compensation, sick pay, vacation pay, holiday pay and other accrued compensation (collectively, the "**Prepetition Compensation**") to Employees (as such term is defined below); (ii) prepetition business expenses, including travel, lodging and other reimbursable business expenses (collectively, the "**Prepetition Business Expenses**") to Employees; (iii) prepetition payroll deductions and withholdings with respect to the Employees; (iv) prepetition contributions to, and benefits under, the Employees' benefit plans; and (v) all

costs and expenses incident to the foregoing payments and contributions (including payroll-related taxes and processing costs); and (b) granting certain related relief.

## FACTS RELEVANT TO THIS MOTION

*Employees*

21.     The Debtor's workforce currently includes approximately 80 full-time and part-time hourly and 20 salaried employees (each an "**Employee**" and collectively, the "**Employees**"). Hourly employees are paid on a weekly basis. Salaried employees are paid on a bi-weekly basis. The next pay period was for the time period ending November 18, 2016, and the pay date is November 25, 2016. The Employees perform a variety of critical functions required for the survival of the Debtor's business. The Employees skills and specialized knowledge and understanding of the Debtor's infrastructure and operations, as well as their relationships with customers, vendors and other third parties, are essential to the success of the Debtor's continuing operations and its ability to maximize the value of its assets. Currently, the Debtor's average monthly payroll to the Employees totals approximately $95,000.00, prior to any other related taxes and/or benefit costs.

*Prepetition Compensation, Business Expenses and Related Claims*

22.     As described above, the continued and uninterrupted support of the Employees is essential to the Debtor's ongoing operations and its ability to maximize the value of its assets. As of the Petition Date at least some Employees were owed or had accrued various sums for Prepetition Compensation and Prepetition Business Expenses in the ordinary course. In addition, as of the Petition Date, the Debtor had obligations in respect to Prepetition Compensation for deductions from Employees' paychecks used to make payments on behalf of the Employees for or with respect to, among other things, health insurance (collectively, the "**Deductions**"); and

withholdings from Employees' paychecks on account of various federal, state and local income, FICA, Medicare and other taxes for remittance to the appropriate federal, state, or local taxing authority (collectively, the "**Withholdings**"). Prepetition Compensation, Prepetition Business Expenses, Deductions and Withholdings (together, the "**Prepetition Obligations**") were due and owing as of the Petition Date because, among other things:

    a.    the Debtor filed its Chapter 11 petition in the midst of its regular and customary payroll period, as well as in the midst of its regular reimbursement cycle for Employee business expenses;

    b.    certain checks issued to the Employees prior to the Petition Date (including expense reimbursement checks) have not yet been presented for payment or have not yet cleared the banking system and, accordingly, were not honored and paid as of the Petition Date;

    c.    certain Employees have not yet been paid portions of their compensation and wages for services previously rendered to the Debtor or have not yet been reimbursed for business expenses previously advanced on behalf of the Debtor; and

    d.    certain other forms of compensation (including sick pay, vacation pay and holiday pay) related to prepetition services have not yet been paid to, or for the benefit of, the Employees because such amounts, although accrued in whole in in part prior to the Petition Date, were not payable at such time, but rather will become payable in the future in the ordinary course of the Debtor's business.

23.    The Debtor seeks authority to pay all Prepetition Obligations attributable to the

period prior to the Petition Date. The next regular pay period is October 25, 2013.

## BASIS FOR RELIEF REQUESTED

24. The Debtor seeks immediate relief, pursuant to Section 105 of the Bankruptcy Code, to pay all Prepetition Employee Obligations and Benefits. Any delay in paying Prepetition Employee Obligations and benefits will adversely impact the Debtor's relationship with tis Employees and will irreparable impair the Employees' morale, dedication, confidence, and cooperation. The Employees' support for the Debtor's reorganization efforts is critical to the success of those efforts. At this early stage of reorganization, the Debtor cannot risk the substantial damage due to a decline in morale attributable to the Debtor's failure to pay wages, salaries, benefits and other similar items.

25. Without the requested relief, the stability of the Debtor will be undermined, perhaps irreparably, by the possibility that otherwise loyal Employees will seek other employment alternatives.

26. Pursuant to Section 507(a)(4) of the Bankruptcy Code, the Debtor's Employees may be granted a priority unsecured claim against Debtor's estate for:

> (4) Fourth, allowed unsecured claims, but only to the extent of $12,475 for each individual … earned within 180 days before the date of the filing of the petition … for –
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual …

11 U.S.C. § 507(a)(4). Each of the Employees will be entitled to Prepetition Employee Obligations and Benefits of less than $12,475 per Employee. Accordingly, the Debtor requests authority to pay all prepetition Employee Obligations and benefits as and when such amounts become payable, subject to the limit of section 507(a)(4) of the Bankruptcy Code.

Debtor further submits that with respect to that portion of the Prepetition Employee Obligations that constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of Debtor or its estate, given that the relevant taxing authorities would hold a priority claim under Section 507(a)(8) of the Bankruptcy Code in respect of such obligations.

In addition, the Debtor requests authority, in its sole discretion, to pay all costs and expenses incident to Prepetition Employee Obligations and Benefits including, without limitation, related processing costs.

### Request for Authority for Banks to Honor and Pay Checks Issued and Make Other Transfers to Pay the Prepetition Compensation, Deductions, Benefits and Taxes

27. The Debtor further requests that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtor and in the Debtor's sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtor's accounts, and all automatic transfers related to the Debtor's payroll and compensation, whether these checks were presented prior to or after the Petition Date, and make other transfers provided that sufficient funds are available in the applicable accounts to make said payments. The Debtor's accounts can be readily identified as relating directly to Prepetition Employee Obligations. Accordingly, the Debtor believes that checks and transfers other than those for Prepetition Employee Obligations will not be honored inadvertently.

28. In light of the foregoing, the Debtor respectfully submits that the payment of the Prepetition Employee Obligations and Benefits is essential for the Debtor's reorganization, represents an exercise of the Debtor's sound business judgment and is in the best interests of the Debtor's estate and creditors.

29. Nothing in this Motion shall be construed as a request for authority to assume any

executory contract under Section 365 of the Bankruptcy Code.

## **NOTICE**

30. As of the date of the filing of this Motion, no creditors' committee has been appointed in these Chapter 11 cases. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee, and (b) the Debtor's 20 largest unsecured creditors. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

31. Because this Motion presents no unique issues of law the Debtor respectfully requests that this Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that the Debtor file a separate memorandum of law in support of this Motion.

32. No prior request for relief sought in this Motion has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Debtor as the court may deem proper.

Dated: November 18, 2016	Respectfully submitted:

*/s/ Michael A. Steel*_____
Michael A. Steel (#0072367)
Brennan, Manna & Diamond, LLC
75 East Market Street
Akron, Ohio 44308
PH:	(330)	374-7471
FX:	(330)	374-7472
masteel@bmdllc.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| The R.C.A. Rubber Company | ) | |
| | ) | Case No. 16-52757 |
| | ) | |
| Debtor. | ) | Judge Alan Koschik |
| | ) | |

**ORDER, PURSUANT TO SECTIONS 105(a), 363(c), 507(a)(4), 507(a)(5) AND 541(d) OF THE BANKRUPTCY CODE, (I) AUTHORIZING THE DEBTOR TO PAY: (A) PREPETITION EMPLOYEE WAGES, SALARIES AND RELATED ITEMS; (B) PREPETITION EMPLOYEE BUSINESS EXPENSES; (C) PREPETITION EMPLOYEE PAYROLL DEDUCTIONS AND WITHHOLDINGS; AND (D) ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion") of The R.C.A. Rubber Company (the "Debtor") in the above-captioned chapter 11 case for entry of an order (i) authorizing the Debtor to pay: (a) prepetition employee wages, salaries and related items; (b) prepetition employee business expenses; (c) prepetition employee payroll deductions and withholdings; and (d) all costs and

expenses incident to the foregoing payments and contributions; and (ii) granting certain related relief; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding, (iii) notice of the Motion was sufficient under the circumstances, (iv) the payment of the Prepetition Employee Obligations and Benefits on the terms and conditions described in the Motion is necessary and appropriate to prevent serious disruptions to the Debtor's reorganization efforts, will serve to protect and preserve the Debtor's estate for the benefit of all stakeholders and will facilitate the reorganization of the Debtor's business, and (v) the legal and factual bases set forth in the Motion, and at the Hearing establish just cause for the relief granted herein; and this Court having determine that granting the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. Subject to the limitations of 11 U.S.C. § 507(a)(4), Debtor is authorized, in accordance with its stated policies (as such policies may be modified from time to time), and in the Debtor's sole discretion, to pay: the Prepetition Employee Obligations and Benefits that accrued but remained unpaid as of the Petition Date to or for the benefit of the Employees up to the amounts currently set forth in 11 U.S.C. § 507(a)(4).

4. The Debtor's bank and other financial institutions (collectively, the "Banks") are

authorized and directed, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtor related to Prepetition Employee Obligations and Benefits whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtor's accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order.

5. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claims against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim for Prepetition Employee Obligations or Benefits; or (e) a request to assume any executory contract or unexpired lease, pursuant to Section 365 of the Bankruptcy Code.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

###

SUBMITTED BY:

*/s/ Michael A. Steel*_____
Michael A. Steel (#0072367)
Brennan, Manna & Diamond, LLC
75 East Market Street
Akron, Ohio 44308
PH:  (330)  374-7471
FX:  (330)  374-7472
masteel@bmdllc.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*