IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| The R.C.A. Rubber Company | ) | |
| | ) | Case No. 16-52757 |
| | ) | |
| Debtor. | ) | Judge Alan Koschik |
| | ) | |
| An Ohio Corporation | ) | |
| (Employer Tax I.D. No. 34-0476810) | ) | |

**AFFIDAVIT OF SHANE R. PRICE IN SUPPORT OF**
**CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

STATE OF OHIO      )
                              ) SS:
COUNTY OF SUMMIT )

Now comes Shane R. Price after having been first duly sworn according to law, and deposes and states under oath as follows:

1. I am the current Vice President of The R.C.A. Rubber Company (the "**Debtor**"), the debtor and debtor-in-possession in the above-captioned chapter 11 case. I am familiar with the operations, business affairs, and books and records of the Debtor.

2. I submit this affidavit (the "**Affidavit**") in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), filed concurrently herewith, and other relief, in the form of motions that the Debtor has requested of this Court (the "**First Day Motions**")[1]. I believe that the relief sought in each of the First Day Motions (i) is necessary to enable the Debtor to operate in Chapter 11 with minimum disruption to its operations or loss of value, (ii) constitutes a critical element in achieving a successful reorganization of the Debtor, and (iii) best serves the Debtor's estate and creditors' interests.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the relevant First Day Motions.

3. All of the facts set forth in this Affidavit are based on my personal knowledge upon information supplied to me by others at the Debtor's businesses, upon my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. This Affidavit describes the business of the Debtor and the circumstances surrounding the commencement of the Debtor's chapter 11 case and sets forth a relevant summary in support of each of the First Day Motions.

## PART I

## BACKGROUND

**A.   The Chapter 11 Filing**

5. On November 18, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**B.   Summary of Capital Structure and Current Business Operations**

6. The Debtor is a corporation formed under the laws of the State of Ohio. The Debtor is engaged in the manufacturing of rubber products for flooring, skids and treads.

7. The Debtor's headquarters and sole operating facility is located at 1833 East Market Street, Akron, Ohio (the "**Facility**"). The Debtor leases the Facility.

8. The Debtor employs 80 employees.

9. Over the last several years, the Debtor's gross annual sales were an average of $12,500,000.00 per year.

**C.   Events Leading to the Filing of These Chapter 11 Cases**

10. In 2005, The R.C.A. Rubber Company closed a wholly-owned subsidiary Pulaski Rubber Company located in Pulaski, Tennessee.

11. As part of the closure of the subsidiary, the unionized labor employees voted to merge the existing Pulaski pension plan into the separate R.C.A. Rubber pension plan.

12. The merger of the two pension plans brought significant liability to The R.C.A. Rubber Company pension plan without any corresponding increase in revenue or employee productivity as no workforce transferred to the Akron, Ohio parent company.

13. The Debtor's pension plan later became underfunded and its future ability to fund became unsustainable given the resources of the company.

14. More recently, the Pension Benefit Guaranty Corp. ("PBGC") asserted a lien as underfunding liability exceeded $1,000,000.00.

15. Pension plan funding by the Debtor was frozen as of March 8, 2014, by agreement under a collective bargaining agreement with the United Steelworkers.

## PART II

## FIRST DAY PLEADINGS

A. **Case Administration Motions**

   **Expedited Hearing on the First Day Motions**

16. Given the importance of the relief sought in the First Day Motions to the Debtor's ability to continue its business operations, the Debtor requested an entry of an order scheduling an expedited hearing on the First Day Pleadings.

17. The Case Administration Motions have been filed in order to allow the Debtor to transition into is role as debtor in possession in the least disruptive manner and to administer the estates in a streamlined and efficient manner. These processes will conserve the resources of the

estates and allow the Debtor to concentrate on its reorganization efforts.

**B.     Prepetition Claims Motions**

**Employee Wages and Benefits**

18.     The Debtor has filed a motion seeking to pay certain prepetition employee claims. The Debtor's workforce currently includes approximately 60 full-time hourly employees and 20 salaried employees (each an "**Employee**" and collectively, the "**Employees**").

19.     Any delay or disruption in the provision of employee benefits or the payment of compensation will imperil the Debtor's relationship with the Employees and irreparably impair workforce morale at the very time when dedication, confidence and cooperation of the Employees are most critical. At this critical stage, the Debtor simply cannot risk the substantial disruption of business operations that would inevitably result from any decline in workforce moral attributable to the Debtor's failure to make prepetition compensation payments in the ordinary course of business.

20.     Accordingly, the Debtor requests the entry of any order authorizing in accordance with its stated  policies (as such policies may be modified from time to time) and in Debtor's sole discretion, to pay: (a) certain prepetition wages, salaries, overtime pay, incentive pay, contractual compensation, sick pay, vacation pay, holiday pay and other accrued compensation (collectively, the "**Prepetition Compensation**") to Employees; (b) prepetition business expenses, including travel, lodging, and other reimbursable business expenses (collectively, the "**Prepetition Business Expenses**") to Employees (c) prepetition contributions to, and benefits under, the Employees' benefit plans; (d) prepetition payroll deductions and withholdings with respect to Employees; and (e) all costs and expenses incident to the foregoing payments and contributions (including payroll-related taxes and processing costs).

21. In the instant case, the Debtor believes that the amount of prepetition wages, salaries and contractual compensation owing to or on account of any particular Employee will not exceed the sum of allowable as priority claim under section 507(a)(4) or section 507(a)(5) of the Bankruptcy Code.

## CONCLUSION

22. In furtherance of its Chapter 11 efforts, for the reasons stated herein and in each of the First Day Motions, I respectfully request that the relief sought in the First Day Motions be approved.

FURTHER AFFIANT SAYETH NAUGHT

_____
Shane R. Price, Vice President

SWORN TO and subscribed before me this 18th day of November, 2016.

_____
Notary Public

MICHAEL A. STEEL
Attorney-At-Law
Notary Public, State of Ohio
My Commission has no expiration date
Sec 147.03 O.R.C.